Argued and submitted December 19, 1979, affirmed April 14, 1980

# LOERA,
*Petitioner,*

*v.*

# STATE BOARD OF
# HIGHER EDUCATION,
*Respondent.*

## (CA 14677)
609 P2d 826

Robert A. Taylor, Eugene, argued the cause for petitioner. On the brief was Susan Robertson Pease, Northwest Legal Advocates, Eugene.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Jan P. Londahl, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Campbell, Judges.

THORNTON, J.

**THORNTON, J.**

Petitioner requests review of a decision of respondent Board terminating his employment "for cause" at the University of Oregon. He assigns the following as error:

1) There is no substantial evidence to support the Faculty Review Committee's findings on charges numbers 5, 6, 9 or 10.

2) Even if there were substantial evidence to support the committee's findings that five of the charges were proven, these five charges are not sufficient to support the inference that the respondent Board had cause to terminate petitioner's employment.

3) The findings of the Committee on charges 6, 9 and 10 are not sufficiently related to the charges against petitioner so as to have provided him with notice required by the Board's rules under the Administrative Procedures Act.

4) The decision of the Board in a contested case is subject to review for procedural errors which substantially prejudice the affected employe, *viz,* failure of the president of the university to attempt to resolve the charges as required by OAR 580-21-330.[1]

The essential facts are:

Petitioner was employed by the Board at the university as a resident supervisor of the High School Equivalency Program (HEP). HEP was a federally funded program designed to help high school dropouts acquire a GED certificate in a live-in setting on the

[1] OAR 580-21-330 provides, in relevant part:

"If the President determines that there is probable cause to impose a sanction or sanctions more severe than an oral or written warning or reprimand on an academic staff member, the President shall attempt to reach a satisfactory resolution of the matter. If no satisfactory resolution is reached within a reasonable time, the President shall authorize the preparation of formal charges in accordance with institutional procedure. * * *"

university campus. He was employed on a nine-month contract.

Certain derogatory reports were received concerning petitioner's job performance and personal behavior with the result that ten charges were filed by the superintendent of the program against plaintiff calling for his termination.

Following a four-day hearing, the Committee found that four of the charges were not proven, that one charge was too vague to be understood, and that five of the charges were proven by clear and convincing evidence. The Committee recommended petitioner's dismissal. Dr. Boyd, president of the University of Oregon, concurred and ordered petitioner's employment terminated.

The charges challenged by petitioner are:
"5.    Manuel Loera told the HEP students not to go to the counselors provided by the program to assist them, even though he knew that counseling constituted a very valuable part of the HEP program for the students.

"6.    In conducting evening room checks, Manuel Loera used his master key for entry and walked through the women's dorms although he had been instructed to delegate such checking to the women resident assistants.
"  *  *  *  *  *

"9.    Manuel Loera did not provide a good role model for the students in that he conversed with sexual overtones with female students.

"10.    Manuel Loera made sexual advances toward one of the female resident assistants. When she resisted his advances he 'badmouthed' her in front of students and the other R.A.'s, causing her to lose much credibility within the program."

We summarize our conclusions on each of plaintiff's assignments as follows:

1)    Based upon our examination of this record we find that there is substantial evidence to support the Committee's findings on charges 5, 6, 9 and 10.

[718]

2) In his second assignment, petitioner argues that even if there was substantial evidence to support the Committee's findings that five of the charges were proven, this was insufficient to support the inference that the respondent Board had cause to terminate petitioner's employment. We disagree.

The Committee found that petitioner failed to prepare required reports (and introduced falsified documents), told HEP students not to go to HEP counselors, entered women's dorms contrary to orders allegedly to conduct improper room checks, made sexual advances to a HEP woman student, sought to discredit a woman assistant after she resisted his sexual advances, all contrary to established rules and procedures.

OAR 580-21-320 provides in pertinent part as follows:

"The appointment of a tenured or non-tenured academic staff member may be terminated, or other sanctions imposed, for cause. Sanctions for cause include oral or written warning or reprimand, removal from an assigned post or written warning or reprimand, removal from an assigned post and reassignment, suspension for a period not to exceed one year, and termination."

OAR 580-21-325(1) provides:

" 'Cause' shall mean:
" * * * * *

"(b)  Conduct proscribed by rule 580-22-045; or

"(c)  Failure to perform the responsibilities of an academic staff member, arising out of a particular assignment, toward students, toward the faculty member's academic discipline, toward colleagues, or toward the institution in its primary educational and scholarly functions and secondary administrative functions of maintaining property, disbursing funds, keeping records, providing living accommodations and other services, sponsoring activities, and protecting the health and safety of persons in the institutional community.

[719]

"(d) Evidence to demonstrate cause under the standard set forth in subsection (c) of this definition of 'cause' may include, but is not limited to, evidence of incompetence, gross inefficiency, default of academic integrity in teaching, research, or scholarship, intentional or habitual neglect of duty, and failure to perform adequately for medical reasons."

Under *McPherson v. Employment Division*, 285 Or 541, 591 P2d 1381 (1979), the elaboration of a standard such as "cause" is the function of the administrative agency rather than the court.

The function of the court on review is as set forth in ORS 183.482(8).[2]

We find that the Committee's findings and conclusions are supported by substantial evidence. The sanction is within the authority of the agency to impose and may not be disturbed. *Mary's Fine Foods, Inc. v. OLCC*, 30 Or App 435, 567 P2d 146 (1977).

We have difficulty in understanding petitioner's third assignment. Although petitioner states that charges 6, 9 and 10 are insufficient, he argues only that charge number 6 was defective in this respect. From this, we assume he has abandoned the contentions relating to charges 9 and 10. Confining our consideration to charge number 6, we are unable to see how petitioner was denied notice as required by OAR 580-21-320.

---

[2] ORS 183.482(8) provides:

"(8) The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"(a) The order to be unlawful in substance or procedure, but error in procedure shall not be cause for reversal or remand unless the court shall find that substantial rights of the petitioner were prejudiced thereby; or

"(b) The statute, rule or order to be unconstitutional; or

"(c) The rule which the order enforces or upon which the order is based or dependent, is invalid under the provisions of subsection (3) of ORS 183.400; or

"(d) The order is not supported by substantial evidence in the whole record."

The charge was that he used his master key for entry and walked through the women's dorm, although he had been instructed to delegate this task to the women assistants. The finding was that he entered the women's dorm "through the connecting doors" although he had been instructed to delegate the task. The thrust of petitioner's argument here, as we understand it, is the claimed variance between the language of the charge and the language of the committee's finding, which was that he committed these actions "through the connecting doors." Petitioner argues that because of this he had no notice that he was being charged with making the entry "through the connecting doors." Petitioner's contention is without merit. The finding includes all of the elements of the charge and states the method of entry. The charge provides sufficient notice of the more specific finding that the entry was made "through the connecting doors."

Petitioner's last assignment is that he was prejudiced because the Board violated its own rules in that the president of the university failed to "attempt to reach a satisfactory resolution of the matter" after the president determined that there was probable cause to impose a sanction more severe than an oral or written reprimand. OAR 580-21-330(2). The Committee found that "[t]here is evidence that the University also failed to comply with its own administrative rule which requires that the president or his representative attempt to resolve the matter prior to filing formal charges."

Although plaintiff's counsel raised the issue in opening statement at the outset of the hearing, we find no evidence in the record that the president did, or that he did not, first attempt to adjust or resolve the matter. Given the nature and scope of the charges lodged against petitioner, the evidence in this record, and the president's decision at the conclusion of the hearing to terminate petitioner's employment, we conclude that the likelihood that the president or his representative

would or might have quashed the charges against petitioner at the conciliation stage without referring them to the faculty committee for possible disciplinary action is nil.

In the absence of some evidentiary showing that a violation of the rule occurred and that petitioner was prejudiced thereby, there is nothing for this court to review. Under ORS 183.482(8)(a), error in procedure is not cause for reversal or remand unless the court shall find that substantial rights of the petitioner were prejudiced thereby. We find no error.

Affirmed.